RECEIVED

APR 18 2005

LARRY W. PROPES, CLERK
CHARLESTON, SC

United States District Court
District of South Carolina

| | |
|---|---|
| Sherman D. Payne-el, #41306-133; | C/A No. 9:05-0868-HFF-GCK |
| Petitioner; | |
| vs. | **Report and Recommendation** |
| Mathew Hamidullah, Warden, FCI-Estill; and United States Parole Commission; | **for Summary Dismissal** |
| Respondents. | |

The Petitioner Sherman D. Payne-el (hereafter, "the Petitioner"), a federal prisoner proceeding *pro se*, has filed this action seeking relief under 28 U.S.C. § 2241. The matter was referred to the undersigned pursuant to the provisions of 28 U.S.C.§ 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C.

## *PRO SE* PETITION



The Petitioner is a *pro se* petitioner. His pleadings are to be accorded liberal construction and are held to a less stringent standard than those drafted by attorneys. Haines v. Kerner, 404 U.S. 519 (1972); Estelle v. Gamble, 429 U.S.97 (1976); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978); Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a *pro se* petition is still subject to summary dismissal.

## DISCUSSION

The Petitioner has a complicated record. In 1978 he was sentenced to twelve (12) years imprisonment on bank robbery charges in the United States District Court for the District of

1

Maryland. United States v. Sterrette, et al, CR-78-00024 (D. Md. 1978). He belatedly sought *coram nobis* relief from the conviction, which was denied. U.S. v. Payne-El, CA-99-2852 (D. Md. 1999), *aff'd* 229 F. 3d 1145 (4th Cir. 2000). The Petitioner was paroled in 1982, but his parole was revoked in 1990 after a Maryland state court conviction imposing a three year sentence. This appears to be the same conviction from which he unsuccessfully sought *habeas corpus* relief in 1998. Payne-El v. Warden, CA-98-0150 (D.Md. 1998), *aff'd* 155 F. 3d 560 (4th Cir. 1998).

The Petitioner was re-paroled in 1992, but parole was again revoked after a narcotics conviction in the U.S. District Court for Maryland. United States v. Breedlove, et al., 1:94-cr-00317 (D.Md. 1994). The Petitioner sought *habeas corpus* relief from that conviction which was denied. Payne-El v. USA, CA-97-1376 (D.Md. 1997), *aff'd* 139 F. 3d 895 (4th Cir. 1998).

The Petitioner will complete his sentence on October 17, 2005. The United States Parole Commission (the "Commission") has filed a detainer for the purpose of considering the parole revocations. The Petitioner has already attacked this detainer in a prior petition under 28 U.S.C.§ 2241, which was dismissed **with prejudice**. Payne-El v. Haynes, C.A. 1:02-cv-0183 (N.D.W.Va 2003), 2003 WL 23976674, *aff'd* 102 Fed. Appx. 835 (4th Cir. 2004).

This Court may take judicial notice of court records in such prior civil actions. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Shoup v. Bell & Howell, 872 F.2d 1178, 1182 (4th Cir. 1989); Daye v. Bounds, 509 F. 2d 66 (4th Cir. 1975); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954). Judicial notice is especially appropriate when the issues in a prior action are identical to those pending before a court.

2

Over one hundred and twenty five years ago, the United States Supreme Court summarized the doctrine of *res judicata* declaring that a final judgment becomes:

> ...a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

Cromwell v. County of Sac, 94 U.S. 351 (1876). The Supreme Court restated this same definition in the 1983 case of Nevada v. United States, 463 U.S. 110 (1983). The judicial policies of economy, finality, and comity, which among others are served by the doctrine of *res judicata*, require no further exposition in this Report. They are well settled in American jurisprudence.

The Fourth Circuit has on many occasions affirmed the elements governing prior adjudication: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. Andrews v. Daw, 201 F. 3d 521 (4th Cir. 2000); Jones v. SEC, 115 F. 3d 1173 (4th Cir. 19970; Vara Enterprises, Inc., v. Nelson, Mullins, Riley and Scarborough, 81 F. 3d 1310 (4th Cir. 1996); Young-Henderson v. Spartanburg Area Mental Health Center, 945 F. 770 (4th Cir. 1991); Keith v. Aldridge, 900 F. 2d 736 (4th Cir.1990). The Petitioner is barred by *res judicata* from attacking the detainer in this action.

Finally, it should be noted, the Petitioner cannot seek bail regarding the detainer or parole revocation at this time because he is still serving his 1994 sentence. Moody v. Daggett, 429 U.S. 78 (1976).

### §1915 SCREENING

Under 28 U.S.C. § 1915 a District Court may dismiss a pleading by an indigent and/or

3

*pro se* litigant upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under §1915(e) if the facts alleged are clearly baseless. Denton v. Hernandez, supra. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. Id.

## RECOMMENDATION

It is recommended that this action be dismissed without prejudice and without requiring the respondents to file an answer. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). The Petitioner's attention is directed to the Notice on the following page.

George C. Kosko
United States Magistrate Judge

April __, 2005
Charleston, South Carolina

4

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402
